# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) Case No. 1:16CR00050-001 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **AMY LORENE MOSER,** | ) By: James P. Jones |
| | ) United States District Judge |
| | ) |
| Defendant. | ) |

*Amy Lorene Moser, Pro Se Defendant.*

The defendant, proceeding pro se, has moved for a reduction in her sentence based on her contention that she was entitled to a minor role reduction under the U.S. Sentencing Guidelines ("USSG"). She relies on Amendment 794 to USSG § 3B1.2(b), which amendment was effective November 1, 2015. Moser was sentenced to a term of imprisonment of 100 months on March 27, 2017, after pleading guilty to participating in a drug conspiracy, in violation of 21 U.S.C. § 846. She did not appeal.

The defendant's claim has been waived. Moser's Plea Agreement expressly waived her right to collaterally attack her sentence other than to raise issues that cannot be waived, by law, or for ineffective assistance of counsel. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) (concluding that collateral

attack waivers are generally enforceable following a knowing and voluntary guilty plea, as was the case here). Second, at the time of sentencing, Moser never requested a reduction for a minor role, nor objected to the Presentence Investigation Report ("PSR"), which did not include such a reduction. Accordingly, she has procedurally defaulted on this claim. *See United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999) (noting that in order to collaterally attack a conviction or sentence, the defendant generally must have raised those claims before the trial court and on direct appeal).

Finally, Moser has not pointed to any evidence that would have warranted a minor role reduction. The evidence set forth in the PSR shows that she admitted that she had been involved in selling large quantities of methamphetamine, which evidence was corroborated by her fellow conspirators. PSR ¶¶ 11-14, 17, ECF No. 42. This evidence was sufficient to support her guideline range.

Accordingly, the defendant's motion (ECF No. 45) is DENIED.

It is so **ORDERED**.

ENTER: May 9, 2018

/s/ James P. Jones
United States District Judge